UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | )   Case No. 4:11 CV 1733 RWS ) |
| CLYDE PATE III, | ) ) ) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

This matter is before me on Plaintiff Nationwide Mutual Insurance Company's ("Nationwide") motion for default judgment against Defendant Clyde Pate, III ("Pate"). Because Pate has not filed an answer or otherwise responded within the time allotted under Rule 12 of the Federal Rules of Civil Procedure and the unchallenged facts constitute a legitimate cause of action, Plaintiff is entitled to judgment in the sum of $24,389.99.

**Background**

Nationwide filed this lawsuit on October 5, 2011 seeking the determination of the parties' rights, obligation, and liabilities under an insurance policy issued by Nationwide to Pate. Pate was served with a summons and complaint on October 27, 2011. Pate has not filed an answer or a responsive pleading. The Clerk of the Court filed an Entry of Default against Pate on January 1, 2012.

Nationwide issued a homeowners insurance policy, policy number HON0029927642 ("Insurance Policy"), to Pate with a policy period of October 4, 2012 to October 4, 2011 for 5832 Terry Avenue in St. Louis, Missouri, 63120 ("Subject Property"). In obtaining the policy, Pate

indicated he owned the Subject Property.  However, Pate did not own or reside at the Subject Property.

On November 13, 2012, a fire occurred at the Subject Property and Pate claimed damage to the dwelling and personal property allegedly located within.  Pate made a formal demand for payment under the Insurance Policy for $200,000.00 for damage to the Subject Property, $40,000.00 for damage for the personal property located therein, and $15,000.00 for additional living expenses.

Pate's alleged losses are not covered under the Insurance Policy because (1) Pate did not have an insurable interest in the subject property at the time he procured the insurance or at the time of the loss; (2) Pate did not reside at the subject property and the subject property had been vacant for more than 30 consecutive days immediately before the loss; (3) Pate failed to cooperate and failed to comply with his responsibilities under the insurance policy; (4) the fire was intentionally set by or at the direction of Pate with the intent to cause such loss; (5) Pate intentionally concealed and/or misrepresented material facts and/or circumstances, engaged in fraudulent conduct, dishonest and/or criminal conduct, and/or made false statements surrounding the procurement of the insurance, the fire loss, and/or the claim presented.

Nationwide incurred attorneys' fees and costs in the amount of $17,324.08 and claim related expenses in the amount of $7,065.91 in pursuing this action.

As a result, Nationwide is entitled to entry of a default judgment in the total amount of $24,389.99.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's Motion for Leave to File Sealed Motion

[#15] is **GRANTED** and Plaintiff's Motion for Default Judgment [#16] is **GRANTED.**

A separate judgment will be entered in this matter.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of April, 2012.